John D. Early, SBN 166668
E-mail: earlylaw@cox.net
LAW OFFICE OF JOHN D. EARLY
15333 Culver Drive, #340-141
Irvine, California 92604
Telephone:  (949) 551-2339
Facsimile:   (949) 551-2339

Attorney for Material Witness
S.M.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. SA CR 09-95-CJC |
| Plaintiff, | ) | |
| v. | ) | **NOTICE OF MOTION AND MOTION BY MATERIAL WITNESS S.M. FOR DEPOSITION TO BE TAKEN UNDER F.R.Cr.P. 15(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DWAYNE LAWSON, | ) | |
| Defendant. | ) | CTRM:     9B<br>DATE:     September 14, 2009<br>TIME:      9:00 a.m. |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 14, 2009, at 9:00 a.m. or as soon thereafter as may be heard in Courtroom 9B of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California, before the Honorable Judge Cormac J. Carney, non-party detained material witness S.M. will and hereby does move for an order that her deposition to be taken

forthwith pursuant to Federal Rule of Criminal Procedure 15(a)(2).  Further, in light of the evidence that has been presented to the Court under seal by the government in connection the government's prior motion regarding a violation of the Court's protective order by the defendant, material witness S.M. further requests that the deposition be conducted under the supervision of a Court Officer.

      This Motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the papers and pleadings on file with the Court in this and any other related matters or of which the Court may take judicial notice, including the government's under seal motion regarding a violation of the protective order in this case, and such further evidence, argument or testimony permitted by the Court at or before the hearing on this matter.

DATED: August 19, 2009                LAW OFFICES OF JOHN D. EARLY

                                                    /S/
                                        _____
                                        JOHN D. EARLY
                                        Counsel for Material Witness
                                        S.M.

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

Material Witness S.M. hereby moves pursuant to Rule 15(A)(2) of the Federal Rule of Criminal Procedure ("F.R.Cr.P.") for her testimony to be preserved by a deposition as soon as practicable, permitting her discharge from custody pursuant to F.R.Cr.P. 15(b)(2) and 18 U.S.C. § 3144.

In addition, because of S.M.'s age and status as a victim-witness, the nature of the charges, and the information contained in the government's Motion re Violation of the Court's Protective Order (filed under seal), S.M. further requests that the deposition be conducted in the presence of and under the supervision of the Court or a judicial officer. S.M. further requests that the Marshals be advised of the "no contact" portion of the Protective Order during the transportation of defendant and S.M. for this hearing and any subsequent proceedings.

II.

FACTUAL BACKGROUND

Defendant Dwayne Lawson ("Defendant") is charged in a one-count Indictment with Sex Trafficking of Children by Force, Fraud or Coercion, in violation of 18 U.S.C. § 1591(a). Material Witness S.M. has been identified as a victim in the case, and at the time of the relevant events, S.M. was a minor. The case was initially set for trial on June 23, 2009. (Docket Entry ("DE") #25). Trial was continued by Stipulation of the government and the defense first to August 4, 2009 (DE #60) and most recently to November 10, 2009 (DE #78).

On May 8, 2009, S.M. made an initial appearance in this district on a material witness arrest warrant and was ordered detained under 18 U.S.C. § 3144. (DE #37). On May 11, 2009, the Court entered a Protective Order in the case requiring, among other things, that, with the exception of his counsel, defendant "not have any contact, either directly or indirectly through a third party, with any of the victims in the instant

case." (DE # 39). On August 6, 7 and 11, 2009, the government and the defendant have filed under seal various Motions and Responses regarding a Violation of the Court's Protective Order. (DE # 81-88).

### III.
### ARGUMENT

A.  <u>The Court Should Order a Deposition</u>

Rule 15(a)(2) of the F.R.Cr.P. provides that "A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript."

Although a <u>party</u> in a criminal case seeking authorization to take a deposition of a third party witness under F.R.Cr.P. 15(a)(1) must show "exceptional circumstances," a detained material witness requesting that his or her own deposition be taken under F.R.Cr.P. 15(a)(2) need make no such showing of "exceptional circumstances." <u>United States v. Lai Fa Chen</u>, 214 F.R.D. 578, 580 n.2 (N.D. Cal. 2003).

S.M. has been detained since May 8, 2009. At the time of the initial detention, trial was scheduled for June 23, 2009. Trial was continued to August 4, 2009 and then to November 2009. The rules provide for a deposition in precisely this situation. Without such a deposition, S.M. will spend three additional months in custody (or perhaps longer if the trial is continued again). S.M. respectfully requests that the Court order that S.M.'s deposition be scheduled and taken as soon as practicable.

B.  <u>The Defense Requests the Presence of a Judicial Officer at the Deposition</u>

Rule 15(c) calls for defendants are entitled to be present at depositions. Rule 15 itself does not mandate Court participation in any deposition proceedings. <u>See</u> <u>Torres-Ruiz v. United States District Court</u>, 120 F.3d 933, 936 (9th Cir. 1997). However, Rule 15 does not preclude Court participation in deposition proceedings and the Court has inherent authority to control evidence-taking in cases before it.

The Court has before it under seal filings regarding the allegations of violations of the Court's protective order by defendant. The requested deposition will require S.M. and defendant to physically be in the same room. Based upon S.M.'s status as a child victim, the nature of the allegations against defendant, and the information provided to the Court in the <u>under seal</u> filings regarding allegations of violations of the Court's Protective Order, S.M. respectfully requests that there is good cause for the involvement of the Court or some other judicial officer to oversee the deposition.[1] In addition, S.M. requests that the Marshals be advised of the "no contact" portion of the Protective Order in transporting S.M. and the defendant.

IV.

CONCLUSION

Based upon all of the foregoing, Non-Party Material Witness S.M., pursuant to Rule 15 and the inherent authority of the Court, respectfully requests that: (1) the Court order that the parties schedule and arrange for S.M.'s deposition to be taken as soon as practicable; and (2) that a judicial officer be present for the deposition.

DATED: August 19, 2009                         LAW OFFICE OF JOHN D. EARLY

By /S/
JOHN D. EARLY
Counsel for Material Witness S.M.

---

[1] 18 U.S.C. § 3509 (b)(2)(A) and (B) provides that the Court is authorized to take testimony of a child victim-witness by way of video for use at trial, with the Court presiding over the deposition to rule on questions as if at trial, in certain circumstances. S.M. is at this time making her Motion under Rule 15, not Section 3509(b)(2); however, based upon the defendant's prior conduct, the interests in oversight by a judicial officer are similarly present here.