1  SEAN K. KENNEDY (145632)
   Federal Public Defender
2  ANNE HWANG (223094)
   Deputy Federal Public Defender
3  411 West Fourth Street, Suite 7110
   Santa Ana, California 92701-4598
4  Telephone: (714) 338-4500
   Facsimile: (714) 338-4520
5  E-mail: Anne_Hwang@fd.org

6  Attorneys for Defendant
7  JOHN DOE

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                          SOUTHERN DIVISION
11

12 UNITED STATES OF AMERICA,      )   NO. SA CR 09-95-CJC
13              Plaintiff,         )
                                   )   **EX PARTE APPLICATION FOR**
14         v.                      )   **PROTECTIVE ORDER AND**
                                   )   **DISCLOSURE OF**
15 DWAYNE LAWSON,                  )   **PROCEEDINGS RELATING TO**
                                   )   **MATERIAL WITNESSES**
16              Defendant.         )
17                                 )

18         Defendant, by and through his attorney of record, Deputy Federal Public
19 Defender Anne Hwang, hereby applies ex parte to the Court for an order disclosing
20 the proceedings relating to material witnesses F.M. and S.M. pursuant to a protective
21 order which authorizes disclosure to the Federal Public Defender's Office only.

22                                 Respectfully submitted,
23                                 SEAN K. KENNEDY
                                   Federal Public Defender
24

25 DATED: August 31, 2009    By ____/s/_____
26                                 ANNE HWANG
                                   Deputy Federal Public Defender
27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987). In this case, a magistrate judge sealed the court records and transcripts of the initial appearances and bail hearings for material witnesses F.M. and S.M. The statute authorizing the release or detention of a material witness, 18 U.S.C. § 3144, does not specifically address the sealing from the public of such proceedings. Moreover, the statute relating to the sealing of materials involving minors, 18 U.S.C. § 3509, specifically states that it "does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant..." 18 U.S.C. § 3509(d)(4).

Both of the individuals designated as material witnesses accuse the defendant charged as Dwayne Lawson of federal crimes.[1] Counsel for the defendant was not permitted to be present during the court proceedings relating to the release or detention of these witnesses. As such, no information regarding any potential impeachment evidence, such as favors provided or offered by the government, has been disclosed to the defense.[2] *See generally Giglio v. United States*, 405 U.S. 150 (1972). Moreover, the defense is requesting disclosure of the proceedings in order to address Material Witness S.M.'s motion for a deposition. The defendant opposes the motion, as discussed in greater detail in his separately filed opposition, but also notes that an alternative to the deposition is for the Court to set bail for S.M. In order to fully address this issue, the defense is respectfully requesting that the Court order the disclosure of the proceedings to defense counsel.

Presumably the magistrate court ordered the sealing of the proceedings after it

---

[1] At this time, only one count relating to F.M. is charged.

[2] To the extent that the Court requires additional information about the relevance of these proceedings, the defense respectfully seeks leave to file a declaration of counsel under seal in order to prevent premature disclosure of defense strategy.

2

made specific findings of the necessity to protect the witnesses, one of whom was under the age of 18 at the time of the proceedings. Without addressing the propriety of the basis for the sealing order, as defense counsel is unaware of court's actual findings, defense counsel offered a compromise solution to counsel for both witnesses and suggested that the parties stipulate to a protective order authorizing the limited disclosure of the proceedings to defense counsel and her staff only, and not even to the defendant.[3] Counsel for F.M. opposes any disclosure of information relating to F.M., even pursuant to such a protective order. Counsel for S.M. also opposes such disclosure, but suggested that the Court could conduct an in camera review of the proceedings and order the disclosure of any information that could provide impeachment value to the defense.

    The defense respectfully submits that a protective order authorizing limited disclosure to defense counsel will properly balance the defendant's due process and confrontation rights with the interests of the witnesses.

                                          Respectfully submitted,

                                          SEAN K. KENNEDY
                                          Federal Public Defender

DATED: August 31, 2009        By   /s/
                                          ANNE HWANG
                                          Deputy Federal Public Defender

---

[3] The defense would not be able to interview F.M. without the permission of her lawyer since she is represented by counsel in this proceeding. Accordingly, there is no argument that limited disclosure of the proceedings to defense counsel only would somehow subject the witness to undesired interviews by the defense.

3

## DECLARATION OF ANNE HWANG

I, Anne Hwang, hereby state and declare as follows:

1.  I am a Deputy Federal Public Defender in the Central District of California appointed to represent the individual charged as Dwayne Lawson.

2.  On July 29, 2009, I spoke with Kate Corrigan, who I understand is the attorney representing material witness F.M. in this matter. I explained that I would be seeking an order to disclose the proceedings relating to F.M., and proposed a protective order pursuant to which the information would only be disclosed to my office and not to the defendant or to the public. Ms. Corrigan advised me that she opposes any release of information relating to F.M., even pursuant to such a protective order. Ms. Corrigan further advised me that she would be out of the office until Labor Day, but that she could be available by telephone if the Court would like her presence at any hearing on this issue.

3.  I spoke with Assistant United States Attorney Sandy Leal on May 8, 2009, and requested that the government produce the documents and recordings relating to the material witness proceedings. Ms. Leal advised me that the government did not make any motion to seal and that I would need to obtain the materials from either the Court or the attorney representing the witness. On August 31, 2009, I spoke with Assistant United States Attorney Mieke Biesheuvel regarding this application. She advised me that the government now opposes the unsealing of the proceedings, even pursuant to the proposed protective order.

4.  On August 25, 2009, I spoke with John Early, who represents material witness S.M. in this matter. I explained that I would be seeking an order to disclose the proceedings relating to S.M., and proposed a protective order pursuant to which the information would only be disclosed to my office and not to the defendant or to the public. Mr. Early advised me that he opposes my request, but does not object to the government preparing the transcripts and materials and providing them to the Court for an in camera review.

4

1     Executed on August 31, 2009.

2     I declare under penalty of perjury that the foregoing is true and correct to the
3 best of my knowledge.

4                                               /s/
5                                            ANNE HWANG

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28