GEORGE S. CARDONA
Acting United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office
MIEKE I. BIESHEUVEL (Cal. State Bar No.: 228828)
Assistant United States Attorney
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3539
     Facsimile: (714) 338-3708
     E-mail:   mieke.biesheuvel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 09-95-CJC |
|     Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR PROTECTIVE ORDER AND DISCLOSURE OF PROCEEDINGS RELATING TO MATERIAL WITNESSES; DECLARATION OF MIEKE I. BIESHEUVEL |
|         v. | |
| DWAYNE LAWSON,<br>  aka "Dwayne Topaz Lawson,"<br>  aka "Christopher Tyrone<br>     Young,"<br>  aka "Christopher T.<br>     Yoong,"<br>  aka "Staydown," | |
|     Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Mieke I. Biesheuvel, hereby files this opposition to defendant's ex parte application for protective order and disclosure of proceedings relating to material witnesses.

    The opposition is based on the attached memorandum of points and authorities, declaration of Mieke I. Biesheuvel, the files

and records in this case, and whatever argument or evidence this
Court may consider at any hearing on this matter.

DATE: September 2, 2009          Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney

                                 ROBB C. ADKINS
                                 Assistant United States Attorney
                                 Chief, Santa Ana Office


                                 _/s/_____
                                 MIEKE I. BIESHEUVEL
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

The government did not move to seal the material witness proceedings held in the above-captioned matter with respect to material witnesses and victims F.M. and S.M., nor is it the government who will be aggrieved should this Court grant defendant's motion and unseal the material witness proceedings. Nonetheless, because defendant has referred to the government's position in his ex parte application and because the government is highly concerned that unsealing the material witness proceedings may unnecessarily jeopardize the safety and well-being of the two, then-minor, victim material witnesses in this case, the government notes its opposition to defendant's ex parte application herein.

The government opposes defendant's application because unsealing proceedings relating to material witnesses F.M. and S.M. would violate the terms of this Court's Protective Order issued on May 11, 2009 ("the Protective Order") and unjustifiably would place the material witness victims in this case, particularly F.M., in danger.

**II.   ARGUMENT**

**A.    DEFENDANT HAS FAILED TO DEMONSTRATE THAT HE HAS "REASON TO KNOW" THE CONTENTS OF THE SEALED PROCEEDINGS RELATING TO MATERIAL WITNESSES**

On May 11, 2009, this Court issued the Protective Order, which requires that "all persons acting in this case," including government lawyers and employees, court employees, and defendant and his lawyer:

1

1.  Keep all documents that disclose the name or any other information concerning a victim, who was a child at the time of the offenses, in a secure place to which no person who does not have reason to know their contents has access; and

2.  Disclose such documents or the information in them that concerns a victim, who was a child at the time of the offenses, only to persons who, by reason of their participation in the proceeding have reason to know such information; . . . .

Protective Order For Minors and Order Re: Compliance with 18 U.S.C. § 3509(d) (Docket Entry 39).

As mentioned above, the government believes that both F.M. and S.M. are victims of defendant's crime, sex trafficking of children by force, fraud or coercion, as charged in the indictment, and both were children at the time of defendant's crime. Therefore, disclosure of documents or the information in them from sealed hearings concerning either F.M. or S.M. would be in contravention of the Protective Order.

Defendant has failed to demonstrate that he has "reason to know" the contents of any such records or the information in them with respect to either material witness victim. The government has produced extensive discovery to defendant and will continue to satisfy its discovery obligations throughout the course of this case. Moreover, defendant's lawyer is free and unhindered by the Protective Order to contact F.M. and S.M. through their respective counsel in the course of his own pre-trial investigation. See Protective Order issued May 11, 2009 (Docket Entry 39) ("It is further ordered that the defendant not have any

2

contact, either directly or indirectly through a third party,
with any of the victims in the instant case, with the exception
that defendant's counsel or legal defense team may seek to
contact these victims in the course of their pre-trial
investigation."). Thus, unsealing proceedings relating to F.M.
and S.M. would not provide defendant with any additional ability
to investigate his case, but would disclose highly sensitive
information, such as F.M.'s whereabouts.

**B.   DEFENDANT HAS DEMONSTRATED A WILLINGNESS TO INTIMIDATE
AND THREATEN THE MATERIAL WITNESS VICTIMS**

Defendant concedes in his application that the magistrate
judge who sealed the material witness proceedings presumably did
so after considering the safety of the victim witnesses. See Ex
Parte Application for Protective Order and Disclosure of
Proceedings Relating to Material Witnesses at 2-3 ("Presumably
the magistrate court ordered the sealing of the proceedings after
it made specific findings of the necessity to protect the
witnesses").

In fact, defendant has already demonstrated his willingness
and ability to intimidate and threaten harm to S.M. As detailed
in the government's motion re: violation of protective order
filed on August 7, 2009, defendant has contacted or attempted to
contact S.M. several times and has both intimidated and
threatened her. See Motion re: Violation of Protective Order
filed August 7, 2009 at 4-5 (Docket Entry 86). Given defendant's
demonstrated willingness to intimidate and threaten S.M.,
unsealing the hearings relating to S.M. and F.M. poses an

3

increased and unjustified danger to them, particularly because highly sensitive information, such as F.M.'s whereabouts, would be disclosed.

Defendant's proposed alternative of unsealing the material witness proceedings and disclosing the records and information about F.M. and S.M. only to Ms. Hwang and her office should also be rejected.  Although Ms. Hwang surely has no intention of disclosing highly sensitive information such as F.M.'s location should it be disclosed to her and her office only, such disclosure violates the Protective Order and would not go far enough to prevent the release and disclosure of highly sensitive information that Ms. Hwang simply may be unable to prevent.

**III. CONCLUSION**

For the foregoing reasons, the government opposes defendant's ex parte application for protective order and disclosure of proceedings relating to material witnesses.

4

## <u>DECLARATION OF MIEKE I. BIESHEUVEL</u>

I, MIEKE I. BIESHEUVEL, declare as follows:

   1.  I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I recently began representing the government in this case.

   2.  Before Anne Hwang filed defendant's ex parte application for protective order and disclosure of proceedings relating to material witnesses, she contacted me and my colleague, AUSA Sandy Leal, to ask what the government's position was with respect to defendant's to-be-filed ex parte application.  After conferring with Ms. Leal, I spoke to Ms. Hwang and told her that the government opposes unsealing the material witness proceedings.

   3.  Last week, Ms. Leal and I also spoke with Katherine Corrigan, counsel for material witness F.M., about defendant's possible ex parte application.  Ms. Corrigan said she opposes unsealing the material witness proceedings and any disclosure of F.M.'s whereabouts.

   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: September 2, 2009


_____/S/_____
MIEKE I. BIESHEUVEL

1