ANDRÉ BIROTTE JR.
United States Attorney
DOUGLAS F. McCORMICK
Assistant United States Attorney
Acting Chief, Santa Ana Branch Office
SANDY N. LEAL (Cal. Bar No. 207179)
MIEKE I. BIESHEUVEL (Cal. Bar No. 228828)
Assistant United States Attorney
    Ronald Reagan Federal Building and U.S. Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-3531
              (714) 338-3539
    Facsimile:  (714) 338-3708
    Email:    sandy.leal@usdoj.gov
          mieke.biesheuvel@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>        v.<br><br>DWAYNE LAWSON,<br>  aka "Dwayne Topaz Lawson,"<br>  aka "Christopher Tyrone<br>     Young,"<br>  aka "Christopher T.<br>     Yoong,"<br>  aka "Staydown,"<br><br>         Defendant. | SA CR No. 09-95-CJC<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>DWAYNE LAWSON</u> |

    1.  This constitutes the binding plea agreement between

Dwayne Lawson ("defendant") and the United States Attorney's

Office for the Central District of California ("the USAO") in the

above-captioned case.  This agreement is limited to the USAO and

cannot bind any other federal, state or local prosecuting,

administrative or regulatory authorities.

<u>PLEA</u>

2.  Defendant agrees to plead guilty to count one of the first superseding indictment in <u>United States v. Dwayne Lawson</u>, SA CR No. 09-95(A)-CJC.

<u>NATURE OF THE OFFENSE</u>

3.  In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 1591, the following must be true: (1) defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained a person; (2) defendant knew, or was in reckless disregard of the fact that means of force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the person to engage in a commercial sex act, or defendant knew, or was in reckless disregard of the fact that the person had not obtained the age of 18 years old and would be caused to engage in a commercial sex act; and (3) such recruitment, enticement, harboring, transporting, providing, obtaining, or maintaining of the person was in or affecting interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States.  The term "coercion" means threats of serious harm to or physical restraint against any person; any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or the abuse or threatened abuse of law or the legal

2

process.  The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by ay person.  Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

<u>PENALTIES AND RESTITUTION</u>

4.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1591 is: life imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.  The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1591, is ten years imprisonment and a five-year period of supervised release.

6.  Defendant understands that defendant will be required to pay full restitution to the victims of the offense for the full amount of each victim's losses, including, but not limited to: (1) the greater of the gross income or value to the defendant of the victim's services and labor or the value of the victim's labor as guaranteed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; and (2) any of the following "losses" that may have been suffered by the victim, including the cost of medical services relating to physical, psychiatric, or psychological care, physical or occupational therapy or rehabilitation, necessary transportation, temporary housing, or

child care expenses, lost income, attorney's fees and costs, and other losses suffered as a proximate result of the offenses. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with those charges. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

7. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Defendant further understands that the conviction in this case may subject defendant to various collateral

4

1   consequences, including but not limited to, deportation,

2   revocation of probation, parole, or supervised release in another

3   case, and suspension or revocation of a professional license.

4   Defendant understands that unanticipated collateral consequences

5   will not serve as grounds to withdraw defendant's plea of guilty.

6   <u>FACTUAL BASIS</u>

7       10.   Defendant and the USAO agree and stipulate to the

8   statement of facts provided below.  This statement of facts

9   includes facts sufficient to support a plea of guilty to the

10  charges described in this agreement.  It is not meant to be a

11  complete recitation of all facts relevant to the underlying

12  criminal conduct or all facts known to defendant that relate to

13  that conduct.

14      Defendant knowingly recruited, enticed, harbored, and

15  transported two females, S.M. and F.M., to engage in commercial

16  sex acts, knowing that S.M. and F.M. had not attained the age of

17  18 years and would be caused to engage in commercial sex acts.

18  The term "commercial sex act" means any sex act, on account of

19  which anything of value is given to or received by any person.

20      Specifically, defendant drove S.M. from Miami, Florida to

21  Orange County, California and, knowing that she had not attained

22  the age of 18 years, caused S.M. to engage in commercial sex acts

23  in various counties and states, including Orange County,

24  California.

25      In or around October 2008, defendant contacted F.M. through

26  her internet web page on the website www.myspace.com ("MySpace").

27

28                                      5

F.M.'s MySpace profile stated that she was 17 years old.  In or around November 2008, knowing that F.M. had not attained the age of 18 years, defendant purchased a Greyhound bus ticket for F.M. to travel from Florida to Las Vegas, Nevada and enticed her to travel to Las Vegas, Nevada, where he was at the time.  F.M. picked up the bus ticket defendant purchased for her and traveled by bus from Florida to Las Vegas, Nevada.  Defendant picked up F.M. in Las Vegas, Nevada and thereafter drove her and S.M. to Orange County, California.  Knowing that F.M. had not attained the age of 18, defendant caused F.M. to engage in commercial sex acts in various counties and states, including Orange County, California.

Defendant's recruitment, enticement, harboring, and transporting of F.M. and S.M. was in and affecting interstate commerce.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

11.  By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if

1  defendant cannot afford counsel - at every other stage of the

2  proceedings.)

3          d)   The right to be presumed innocent and to have the

4  burden of proof placed on the government to prove defendant

5  guilty beyond a reasonable doubt.

6          e)   The right to confront and cross-examine witnesses

7  against defendant.

8          f)   The right, if defendant wished, to testify on

9  defendant's own behalf and present evidence in opposition to the

10 charges, including the right to call witnesses and to subpoena

11 those witnesses to testify.

12         g) The right not to be compelled to testify, and, if

13 defendant chose not to testify or present evidence, to have that

14 choice not be used against defendant.

15     By pleading guilty, defendant also gives up any and all

16 rights to pursue any affirmative defenses, Fourth Amendment or

17 Fifth Amendment claims, and other pretrial motions that have been

18 filed or could be filed.

19                        <u>WAIVER OF DNA TESTING</u>

20     12.  Defendant has been advised that the government has in

21 its possession the following items of physical evidence that

22 could be subjected to DNA testing:

23         (a) One (1) Gateway M-6878 laptop computer, serial

24 number 82700010526;

25         (b) One (1) black Apple Iphone, serial number

26 88752111WH8;

27

28                              7

(c)  One (1) blue and black wallet with a skull leash;

(d)  One (1) black silver studded belt with a silver star buckle;

(e)  One (1) Florida Driver's License in the name Christopher Young;

(f)  One (1) Motorola Bluetooth device;

(g)  $140.00 in U.S. currency;

(h)  One (1) silver jeweled watch;

(i)  One (1) silver jeweled ring;

(j)  Three (3) silver jeweled earrings;

(k)  One (1) Nokia 1208B cellular phone with SIM card;

(l)  One (1) Motorola i776 cellular phone with SIM card;

(m)  One (1) Blackberry 8320 cellular device with SIM and memory card;

(n)  One (1) 30 GB Apple Ipod, serial number 8K6429YQV9K;

(o)  One (1) camera bag containing camera, six (6) batteries, a USB cable and memory card;

(p)  One (1) DVD entitled "Honey Bunny the Video;"

(q)  One (1) 128MB SD Card, serial number FH549902CH0551PB;

(r)  One (1) T-mobile SIM card with vertical numeric marking 525033 and horizontal numeric marking 89012 60600 05385 0148;

(s)  One (1) purple and green vibrator;

(t)  One (1) purple dildo in plastic casing;

1          (u)  One (1) flesh colored strap-on penis;

2          (v) Miscellaneous paper documents located in 2002

3 Chevrolet Tahoe;

4          (w) One (1) "Quality" hotel room key;

5          (x) Two (2) Lifestyles condoms;

6          (y) One (1) $100 bill logo belt buckle;

7          (z) Three (3) keys on a key ring;

8          (aa) One (1) black case containing multiple CDs;

9          (bb) Two (2) CDs;

10         (cc) One (1) DVD titled "Honey Bunny the Escort;"

11         (dd) One (1) black thumb drive;

12         (ee) One (1) mobile media player device;

13         (ff) One (1) Pure Digital flip video camera with soft

14 case;

15         (gg) One (1) white pillowcase containing miscellaneous

16 clothing;

17         (hh) One (1) black suitcase containing miscellaneous

18 clothing;

19         (ii) $0.31 in U.S. coin;

20         (jj) One (1) yellow ring with small clear stones in the

21 shape of a heart;

22         (kk) One (1) greyhound bus ticket;

23         (ll) Miscellaneous personal items;

24         (mm) Miscellaneous paper documents;

25         (nn) Miscellaneous e-mails, letters, and a newspaper

26 clipping; and

27

28                    9

1    (oo) One (1) Gateway ML-3109 laptop computer, serial
2    number N1977K1048600.

3    Defendant understands that the government has not submitted
4    any of these items for DNA testing and does not intend to conduct
5    any further DNA testing of those items or any other items.
6    Defendant understands that, before entering a guilty plea
7    pursuant to this agreement, defendant could request DNA testing
8    of evidence in this case.  Defendant further understands that,
9    with respect to the offense to which defendant is pleading guilty
10   pursuant to this agreement, defendant would have the right to
11   request DNA testing of evidence after conviction under the
12   conditions specified in 18 U.S.C. § 3600.  Knowing and
13   understanding defendant's right to request DNA testing, defendant
14   voluntarily gives up that right with respect to both the specific
15   items listed above and any other items of evidence there may be
16   in this case that might be amenable to DNA testing.  Defendant
17   understands and acknowledges that by giving up this right,
18   defendant is giving up any ability to request DNA testing of
19   evidence in this case in the current proceeding, in any
20   proceeding after conviction under 18 U.S.C. § 3600, and in any
21   other proceeding of any type.  Defendant further understands and
22   acknowledges that by giving up this right, defendant will never
23   have another opportunity to have the evidence in this case,
24   whether or not listed above, submitted for DNA testing, or to
25   employ the results of DNA testing to support a claim that
26   defendant is innocent of the offense to which defendant is

27

28                                10

pleading guilty.

<u>SENTENCING FACTORS</u>

13.   Defendant understands that the Court is required to consider and apply the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") but may depart from those guidelines under some circumstances.

14.   Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 30 | [U.S.S.G. § 2G1.3(a)(2)] |
| Specific Offense Characteristics | | | |
| (Unduly Influenced a minor) | : | +2 | [U.S.S.G. § 2G1.3(b)(2)] |
| (Use of computer) | : | +2 | [U.S.S.G. § 2G1.3(b)(3)] |
| (Commission of sex act or sexual contact) | : | +2 | [U.S.S.G. § 2G1.3(b)(4)] |
| (Multiple victims) | : | +2 | [U.S.S.G. § 2G1.3(d)(1)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |

_____

Total Offense Level :    35

Recognizing that the Sentencing Guidelines are otherwise only advisory, the parties, under the circumstances, agree that an appropriate sentence for defendant is one including a sentence of imprisonment at the low end of the range determined by this total offense level and the criminal history category calculated by the court in accordance with Chapter 4 of the Sentencing Guidelines

without any departure based on inadequacy of criminal history under U.S.S.G. § 4A1.3 ("defendant's calculated criminal history").  The parties agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, departures, or variances in sentence pursuant to the Sentencing Guidelines and/or the factors set forth in 18 U.S.C. § 3553(a) be imposed, or that the Court impose a sentence other than what has been stipulated to by the parties herein.  Defendant represents, and the USAO does not contest, that defendant does not have the ability to pay a fine.

15.  Accordingly, in consideration of all the factors under 18 U.S.C. § 3553(a), as well as the applicable Sentencing Guideline range, defendant and the USAO agree and stipulate pursuant to Fed. R. Crim. P. 11(c)(1)(C) that an appropriate disposition of this case is that the defendant be ordered to: (a) pay a special assessment of $100; (b) pay restitution in an amount and pursuant to a schedule fixed by the Court; (c) serve a sentence of imprisonment of duration equal to the low end of the applicable Sentencing Guidelines range determined by a total offense level of 35 and defendant's calculated criminal history category followed by a period of supervised release ranging from five years to life (to be determined by the court).  The parties have no agreement as to the length, terms and/or conditions of supervised release.

16.  The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by

this agreement.   Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

17.   Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).   So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement.   The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

<u>DEFENDANT'S OBLIGATIONS</u>

18.   Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at

all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

<u>THE USAO'S OBLIGATIONS</u>

19.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for violations of 18 U.S.C. §§ 1509, 1510, 1512, 1513, 1591, 2251, 2252, 2252A, 2422 or 2423, arising out of defendant's conduct described in the stipulated factual basis set forth in this plea agreement; defendant's conduct related to his trafficking of S.M., or the female known as "Candy" or "Booty," to engage in commercial sex acts; or defendant's conduct related to his taking photographs or videos, filming and producing videos of himself having sexual intercourse with F.M. and S.M. or the female known as "Candy" or "Booty," or otherwise possessing, producing, receiving, or distributing those photographs or videos.  Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

14

<u>BREACH OF AGREEMENT</u>

20.   If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under the agreement.

21.   Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii)

15

any evidence derived from such statements, are admissible against
defendant in any future prosecution of defendant, and defendant
shall assert no claim under the United States Constitution, any
statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
the Federal Rules of Criminal Procedure, or any other federal
rule, that the statements or any evidence derived from any
statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

22.   Defendant gives up the right to appeal any sentence
imposed by the Court and the manner in which the sentence is
determined, provided that the sentence is that agreed to in
paragraph 15 above, and with the exception that defendant
reserves the right to appeal the calculation of defendant's
criminal history category.  Defendant also gives up the right to
appeal the length of supervised release.  Defendant also gives up
any right to bring a post-conviction collateral attack on the
conviction or sentence, except a post-conviction collateral
attack based on a claim of ineffective assistance of counsel, a
claim of newly discovered evidence, or an explicitly retroactive
change in the applicable Sentencing Guidelines, sentencing
statutes, or statutes of conviction.  Notwithstanding the
foregoing, defendant retains any ability defendant has to appeal
the amount or terms of any restitution order, the Court's
determination of defendant's criminal history category, and the
conditions of supervised release imposed by the court, with the
exception of the following:

1      a.    conditions set forth in General Orders 318, 01-05,

2  and/or 05-02 of this Court;

3      b.    Defendant shall use only those computers and

4  computer-related devices, screen user names, passwords, email

5  accounts, and internet service providers (ISPs), as approved by

6  the Probation Officer.  Computers and computer-related devices

7  include, but are not limited to, personal computers, personal

8  data assistants (PDAs), internet appliances, electronic games,

9  and cellular telephones, as well as their peripheral equipment,

10 that can access, or can be modified to access, the internet,

11 electronic bulletin boards, and other computers, or similar

12 media;

13     c.    All computers, computer-related devices, and their

14 peripheral equipment, used by defendant, shall be subject to

15 search and seizure and the installation of search and/or

16 monitoring software and/or hardware, including unannounced

17 seizure for the purpose of search.  Defendant shall not add,

18 remove, upgrade, update, reinstall, repair, or otherwise modify

19 the hardware or software on the computers, computer-related

20 devices, or their peripheral equipment, nor shall he hide or

21 encrypt files or data without prior approval of the Probation

22 Officer.  Further, defendant shall provide all billing records,

23 including telephone, cable, internet, satellite, and the like, as

24 requested by the Probation Officer;

25     d.    Defendant shall register with the state sex

26 offender registration agency in any state where the defendant

27

28                              17

resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment/placement on probation;

e.   Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

f.   As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorders to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment, as directed by the Probation Officer;

g.   Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).  The condition prohibiting defendant from possessing materials describing "sexually explicit conduct" does not apply to materials necessary to and used for legal proceedings in this or

18

another criminal prosecution against defendant, including a

collateral attack or appeal, or to materials prepared or used for

the purposes of defendant's court-mandated sex offender

treatment;

   h. Defendant shall not possess any materials,

including pictures, photographs, books, writings, drawings,

videos, or video games, depicting and/or describing child

pornography, as defined in 18 U.S.C. § 2256(8). The condition

prohibiting defendant from possessing materials describing child

pornography does not apply to materials necessary to and used for

legal proceedings in this or another criminal prosecution against

defendant, including a collateral attack or appeal, or to

materials prepared or used for the purposes of defendant's

court-mandated sex offender treatment;

   i. Defendant shall not own, use or have access to the

services of any commercial mail-receiving agency, nor shall

he/she open or maintain a post office box, without the prior

approval of the Probation Officer;

   j. Defendant shall not frequent, or loiter, within

100 feet of school yards, parks, public swimming pools,

playgrounds, youth centers, video arcade facilities, or other

places primarily used by persons under the age of 18;

   k. Defendant shall not associate or have verbal,

written, telephonic, or electronic communication with any person

under the age of 18, except: (a)  in the presence of the parent

or legal guardian of said minor; and (b) on the condition that

19

defendant notifies said parent or legal guardian of his
conviction in the instant offense/prior offense.  This provision
does not encompass persons under the age of 18, such as waiters,
cashiers, ticket vendors, etc., with whom defendant must deal
with in order to obtain ordinary and usual commercial services

       l.   Defendant shall not affiliate with, own, control,
volunteer and/or be employed in any capacity by a business and/or
organization that causes him to regularly contact persons under
the age of 18;

       m.   Defendant shall not affiliate with, own, control,
and/or be employed in any capacity by a business whose principal
product is the production and/or selling of materials depicting
and/or describing "sexually explicit conduct," as defined at 18
U.S.C. § 2256(2);

       n.   Defendant's employment shall be approved by the
Probation Officer, and any change in employment must be pre-
approved by the Probation Officer.  Defendant shall submit the
name and address of the proposed employer to the Probation
Officer at least 10 days prior to any scheduled change;

       o.   Defendant shall not reside within direct view of
school yards, parks, public swimming pools, playgrounds, youth
centers, video arcade facilities, or other places primarily used
by persons under the age of 18.  Defendant's residence shall be
approved by the Probation Officer, and any change in residence
must be pre-approved by the Probation Officer.  Defendant shall
submit the address of the proposed residence to the Probation

1 Officer at least 10 days prior to any scheduled move.

2     23.  The USAO gives up its right to appeal any sentence

3 imposed by the Court, provided that the sentence is that agreed

4 to in paragraph 14 above.  The USAO retains any ability it has to

5 appeal the amount or terms of any restitution order and the

6 Court's determination of defendant's criminal history category.

7               RESULT OF VACATUR, REVERSAL OR SET-ASIDE

8     24.  Defendant agrees that if any count of conviction is

9 vacated, reversed, or set aside, or if any of the enhancements

10 imposed by the Court to which the parties stipulated in this

11 agreement are vacated or set aside, including the enhancements

12 for use of computer, commission of a sex act or sexual contact,

13 or multiple victims, the USAO may: (a) ask the Court to

14 resentence defendant on any remaining count of conviction, with

15 both the USAO and defendant being released from any stipulations

16 regarding sentencing contained in this agreement, (b) ask the

17 Court to void the entire plea agreement and vacate defendant's

18 guilty plea on any remaining count of conviction, with both the

19 USAO and defendant being released from all of their obligations

20 under this agreement, or (c) leave defendant's remaining

21 conviction, sentence, and plea agreement intact.  Defendant

22 agrees that the choice among these three options rests in the

23 exclusive discretion of the USAO.

24                     COURT NOT A PARTY

25     25.  The Court is not a party to this agreement and need not

26 accept any of the USAO's sentencing recommendations or the

27

28                       21

1  parties' stipulations.

2  <u>NO ADDITIONAL AGREEMENTS</u>

3     26.  Except as set forth herein, there are no promises,

4  understandings or agreements between the USAO and defendant or

5  defendant's counsel.  Nor may any additional agreement,

6  understanding or condition be entered into unless in a writing

7  signed by all parties or on the record in court.

8  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

9     27.  The parties agree and stipulate that this Agreement

10  will be considered part of the record of defendant's guilty plea

11  hearing as if the entire Agreement had been read into the record

12  of the proceeding.

13     This agreement is effective upon signature by defendant and

14  an Assistant United States Attorney.

15  AGREED AND ACCEPTED

16  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
17
   ANDRÉ BIROTTE JR.
18  United States Attorney

19  _____          5-28-2010
                                     Date
20  SANDY N. LEAL
   MIEKE I. BIESHEUVEL
21  Assistant United States Attorneys

22

23
     I have read this agreement and carefully discussed every
24
   part of it with my attorney.  I understand the terms of this
25
   agreement, and I voluntarily agree to those terms.  My attorney
26
   has advised me of my rights, of possible defenses, of the
27

28                     22

Sentencing Guideline provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_Dwayne Lawson_

DWAYNE LAWSON
Defendant

Date _5/28/10_

I am Dwayne Lawson's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

ANNE HWANG
ANTHONY EAGLIN
Counsel for Defendant
Dwayne Lawson

Date _5/28/10_

23