# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  SACR 09-00095(A)-CJC |
| **Defendant**  Dwayne Lawson | Social Security No.  4  0  2  2 |
| akas: Dwayne Topaz Lawson, Christopher T. Yoong, Staydown, Christopher Tyrone Young | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.   MONTH 06  DAY 10  YEAR 2010

**COUNSEL**  [X] WITH COUNSEL   Anne Hwang, DFPD / Anthony Eaglin, DFPD
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Sex Trafficking Of Children Or By Force, Fraud Or Coercion in violation of 18 U.S.C. § 1591 as charged in Count 1 of the First Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

The defendant shall pay to the United States a special assessment of $100, which is due immediately.

All fines are waived as it is found the defendant does not have the ability to pay.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Dwayne Lawson, is hereby committed on Count 1 of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 210 months.

The defendant is hereby placed on supervised release for a term of 10 years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by

USA vs.   Dwayne Lawson                                                Docket No.:   SACR 09-00095(A)-CJC

the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

7. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer;

8.  The defendant shall cooperate in the collection of a DNA sample from his person;

9. The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence.  The defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment or a later date approved by the Probation Officer;

10. The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

11. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

12. The defendant shall not contact the victims, by any means, including in person, by mail or electronic means, or via third parties.  Further, the defendant shall remain at least 100 yards rom the victims at all times.  If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer;

13. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except:  a) in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain

| | |
|---|---|
| USA vs.   Dwayne Lawson | Docket No.:   SACR 09-00095(A)-CJC |

           ordinary and usual commercial services;

14. The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18;

15. The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2);

16. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change;

17. The defendant shall use only those computers and computer-related devices, screen names, passwords, email accounts, and internet service providers (ISPs), as approved by the Probation Officer.  Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers, or similar media;

18. All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search.  The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer.  Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer;

19. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8).  The condition prohibiting defendant from possessing materials describing child pornography does not apply to materials necessary to and used for legal proceedings in this or another criminal prosecution against defendant, including a collateral attack or appeal, or to materials prepared or used for the purposes of defendant's court-mandated sex offender treatment; and

20. The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency.  Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court strongly recommends that the Bureau of Prisons house the defendant at Coleman I located in Florida, or in the alternative, at a facility in the Washington, D.C. area to facilitate visitation with family, friends and loved ones.

USA vs.  Dwayne Lawson                                                    Docket No.:    SACR 09-00095(A)-CJC

The Court further recommends that the Bureau of Prisons immediately conduct a mental health evaluation of the defendant and provide all necessary treatment for depression, anxiety and schizophrenia.

The Court also orders the Probation Office to revise the Presentence Report before issuing it to the Bureau of Prisons to reflect that the defendant was born and raised in Washington, D.C.

On Government's motion, all remaining counts dismissed.

Defendant advised of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| June 14, 2010 | |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| June 14, 2010 | By | Michelle Urie |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. | Dwayne Lawson | Docket No.: | SACR 09-00095(A)-CJC |
|---|---|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

| | |
|---|---|
| USA vs. Dwayne Lawson | Docket No.: SACR 09-00095(A)-CJC |

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date          Deputy Marshal

| | |
|---|---|
| USA vs.  Dwayne Lawson | Docket No.:  SACR 09-00095(A)-CJC |

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date                                Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
Defendant                                                Date

_____
U. S. Probation Officer/Designated Witness        Date